IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  07-cv-0056-MJR |
| | ) | |
| AMY HAMILTON and | ) | |
| BRIAN SCHUTZENHOFER, | ) | |
| individually and as co-executors of the | ) | |
| Estate of Kenneth L. Schutzenhofer, and | ) | |
| JOANNE STOUT, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER REGARDING DEPOSIT OF FUNDS

REAGAN, District Judge:

Minnesota Life Insurance Company issued a group life insurance policy to Solutia, Inc.  Kenneth Schutzenhofer was an employee of Solutia.  In January 2003, Kenneth designated his wife (JoAnne Stout) the primary beneficiary of the policy, with his two children (Brian Schutzenhofer and Amy Hamilton) as contingent beneficiaries.  In December 2004, Kenneth and JoAnne divorced.  In March 2006 Kenneth died.  After receiving conflicting claims on the policy proceeds from JoAnne, Brian and Amy, Minnesota Life filed an interpleader complaint in this Court.  Alleging that it is exposed to double liability via these claims, Minnesota Life asks this Court to determine the proper disposition of the policy proceeds.

In the complaint, Minnesota Life seeks permission to deposit in this Court the total amount of benefits under the policy ($33,900.00), pending a determination of the matter (Doc. 2, pp. 2-3).  Federal Rule of Civil Procedure 67 provides:

> In an action in which any part of the relief sought is ... the disposition of a sum of money ..., a party, upon notice to every other party, and by leave of court, may deposit with the court all or any part of such sum ..., whether or not that party claims all or any part of the sum or thing.... Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C., §§ 2041 and 2042...

> The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.

Additionally, **28 U.S.C. § 1335**, the federal interpleader statute, requires the plaintiff to have deposited the money into the registry of the court.

Accordingly, the Court **DIRECTS** Minnesota Life to deposit the entirety of the disputed insurance proceeds ($33,900.00) with the Clerk of this Court and **DIRECTS** the Clerk of Court to deposit those proceeds in an **interest-bearing account** at the designated depository authorized by Order of this Court dated October 2, 2002 (Administrative Order #4)**.**  The Clerk of Court shall promptly provide a copy of this Order to the Financial Deputy Clerk.

Once Minnesota Life has deposited the proceeds AND provided a detailed proposed order supported by citation to legal authority, the Court will rule on Minnesota Life's requests that (a) Minnesota Life be "discharged from any and all liability to Defendants concerning said proceeds" (Doc. 2-1, p. 3), (b) Defendants be enjoined from commencing "any other action in any court against Minnesota Life Insurance Company with regard to said disputed proceeds" (*id.*), and (c) Minnesota Life "be allowed to recover its costs in bringing this action from the proceeds of the Policy on deposit with the Court" (*id.*).[1]  The proposed order should contain reference to the jurisdictional basis for this action and should be submitted to the appropriate proposed document inbox (MJRpd@ilsd.uscourts.gov) by **May 25, 2007.**

IT IS SO ORDERED.

DATED this 4th day of May 2007.

> s/ Michael J. Reagan
> MICHAEL J. REAGAN
> United States District Judge

---

[1] Minnesota Life **must clarify** (in the Proposed Order) whether this suit has been filed as a "statutory" interpleader action under 28 U.S.C. § 1335 or a "rule" interpleader action under Federal Rule of Civil Procedure 22.  Differences between the two include jurisdictional, venue and service of process requirements.  (For instance, § 1335(a) requires adverse claimants "of diverse citizenship," which appears to be lacking here.)