IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MINNESOTA LIFE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 07-cv-0056-MJR |
| | ) | |
| AMY HAMILTON and | ) | |
| BRIAN SCHUTZENHOFER, | ) | |
| individually and as co-executors of the | ) | |
| Estate of Kenneth L. Schutzenhofer, and | ) | |
| JOANNE STOUT, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

REAGAN, District Judge:

### A.  Introduction and Procedural Background

This interpleader action arises from a dispute over who is entitled to life insurance proceeds of Kenneth Schutzenhofer, a former employee of Solutia. Aligning on opposite sides of the fight for these proceeds are Kenneth's former wife (Joanne Stout, a California citizen) and Kenneth's children (Brian Schutzenhofer and Amy Hamilton, Illinois and Missouri citizens, respectively). After receiving conflicting claims on the policy proceeds, Minnesota Life filed an interpleader complaint in this Court, asking the undersigned Judge to determine the proper disposition of the proceeds. Federal Rule of Civil Procedure 22(1) supplies the procedural framework for this action. 28 U.S.C.§ 1335(a) and § 1331 provide subject matter jurisdiction.

1

In compliance with a May 2007 Order (Doc. 19), Minnesota Life deposited the policy proceeds ($35,500.83) with the Clerk of this Court. The funds were placed in an interest-bearing account on June 7, 2007. One month later, with the parties having voiced no objection, the undersigned Judge dismissed Plaintiff Minnesota Life from this action, enjoined Defendants (Joanne Stout, Brian Schutzenhofer and Amy Hamilton) from commencing other actions regarding the disputed proceeds, and noted that the case had moved to "stage two ... determination as to the respective rights of claimants to the stake" (Doc. 28, p. 2).

Brian and Amy crossclaimed against Joanne,[1] and all three "Defendants" seek judgment in their favor. The case comes before the undersigned Judge on those motions (Docs. 29 and 32), on which the briefing period ended March 8, 2008. Analysis begins with the legal standards governing such motions in federal court.

B.  Applicable Legal Standards

Summary judgment is appropriate where there are no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law. *Breneisen v. Motorola, Inc.*, 512 F.3d 972 (7th Cir. 2008), *citing* Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and *Krieg v. Seybold*, 481 F.3d 512, 516 (7th Cir. 2007). *Accord Levy v. Minnesota Life Ins. Co.*, 517 F.3d 519 (7th Cir. 2008).

---

[1] Actually, it appears that Brian and Amy filed the same joint crossclaim twice, including it once in their joint answer at Doc. 10 and again in their joint answer at Doc. 11 (both of which were filed on April 18, 2007).

2

In ruling on a summary judgment motion, this Court must view the evidence and all inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *TAS Distributing Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 630 (7th Cir. 2007); *Reynolds v. Jamison*, 488 F.3d 756, 764 (7th Cir. 2007).

In a January 2008 Order (Doc. 35), the undersigned Judge construed the parties' pleadings (Docs. 29 & 32) to constitute *cross*-motions for summary judgment. The United States Court of Appeals for the Seventh Circuit has explained that when cross-motions for summary judgment are filed, "we look to the burden of proof that each party would bear on an issue of trial; we then require that party to go beyond the pleadings and affirmatively to establish a genuine issue of material fact." *Diaz v. Prudential Ins. Co. of America*, 499 F.3d 640, 643 (7th Cir. 2007), *quoting Santaella v. Metropolitan Life Ins. Co.*, 123 F.3d 456, 461 (7th Cir. 1997). With these standards in mind, the Court assesses the record before it.

C. Analysis

The facts are without genuine dispute. Minnesota Life issued a Group Life Insurance Policy (policy number 32613-G, "the Policy") to Kenneth Schutzenhofer, an employee of Solutia, Inc. In the amount of $33,900, the Policy is an ERISA-regulated life insurance policy.[2]

---

[2] ERISA is the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. Amy and Brian admitted (in their answer to the interpleader complaint) that this matter is governed by ERISA (*see* Docs. 10 & 11, at p. 2).

On January 25, 2003, Kenneth designated his wife, Joanne Stout, the primary beneficiary on the Policy and designated his children, Brian Schutzenhofer and Amy Hamilton, the contingent beneficiaries. *See* Exhibit B to interpleader complaint, Doc. 2-4.

On December 7, 2004, Kenneth Schutzenhofer and Joanne Stout obtained a divorce from the Circuit Court of St. Louis County, Missouri. *See* Exhibit C to intepleader complaint, Doc. 2-5. On March 9, 2006, Kenneth Schutzenhofer died. At the time he passed away, Kenneth had not changed the beneficiary designations on the Policy.

In September 2006, Joanne claimed the policy benefits from Minnesota Life, via her beneficiary designation. *See* Exhibit D to interpleader complaint, Doc. 2-7. Also in September 2006, Brian and Amy claimed the benefits pursuant to a Missouri statute, R.S. Mo. § 461.051. *See* Exhibit E to interpleader complaint, Doc. 2-8.[3]

After efforts to resolve the dispute between Joanne and her children proved fruitless, Minnesota Life filed the above-captioned suit in this federal district court, interpled the funds, and was discharged from all further liability on the Policy. Joanne, Brian and Amy (all named Defendants herein) filed answers to Minnesota's interpleader complaint.

---

[3] Joanne's claim form (Claim Number 716-108) is dated September 13, 2006. Brian and Amy's letter to Minnesota Life (sent on their behalf by attorney Sharee L. Williamson of St. Louis, Missouri) is dated September 21, 2006, but the letter references prior correspondence from August 2006. *Id.*

Brian and Amy crossclaimed against Joanne, maintaining that she *waived* all claim to the benefits when she entered into the divorce agreement with Kenneth and that they are entitled to the benefits under Missouri and Illinois law. *See* Doc. 11, pp. 4-5. Joanne counters that *federal* law controls determination of the dispute over distribution of the policy proceeds (answer to counterclaim, Doc. 21, p. 2), and she never intended the family court divorce decree to operate as a waiver of her right to the insurance benefits (Doc. 37, pp. 5-6, and Stout Affidavit, Exh. 5 to Doc. 36).

The first question is what law to apply. The Seventh Circuit tackled a similar question in *Metropolitan Life Ins. Co. v. Johnson,* 297 F.3d 558 (7th Cir. 2002), a case in which a deceased employee's ex-wife (Mildred) asserted entitlement to the same life insurance proceeds claimed by the decedent's children and friend (SS&H). The proceeds were from the decedent's employee welfare benefit plan, which provided that life insurance benefits would be paid to the insured's designated beneficiary. The Seventh Circuit began (*Johnson,* 297 F.3d at 564):

> ... [W]e must first determine the controlling law. As noted, the Plan is governed by ERISA. However, ERISA does not contain any provisions governing disputes between claimants to plan proceeds.... Thus, Mildred advocates that we apply the Illinois doctrine of "substantial compliance".... SS & H, on the other hand, argue that ERISA preempts state law and, therefore, urge us to apply federal common law to resolve the dispute.

The district court had found SS&H entitled to the proceeds, and Mildred (the ex-wife) appealed. The Court of Appeals found that ERISA preempted the state law

doctrine of substantial compliance but affirmed the grant of summary judgment to SS&H, permitting SS&H to receive the benefits based on the decedent's attempted change of beneficiary on the policy. Applying a *federal common law* doctrine of substantial compliance, the Seventh Circuit found that the deceased employee had "clearly evidenced an intent to change his beneficiary designation" (from Mildred to SS&H) and "that he took positive action to effectuate that intent." *Johnson*, 297 F.3d at 568.

In determining what law to apply, the Court emphasized a United States Supreme Court opinion, *Egelhoff v. Egelhoff*, 532 U.S. 141, 150 (2001), which held that state law cannot invalidate a beneficiary designation under an ERISA-regulated plan:

> Given the Supreme Court's latest word on ERISA preemption in *Egelhoff*, we believe that a state law affecting the designation of a beneficiary is sufficiently "related to" an ERISA plan such that a state law doctrine of substantial compliance is preempted by ERISA.... Under an ERISA plan, benefits must be paid to a "beneficiary" who is "designated by a participant, or by the terms of [the] plan." 29 U.S.C. § 1002(8).... [A] court's interpretation, of the identity of that beneficiary clearly "relates to" ERISA insofar as it "governs the payment of benefits, a central matter of plan administration." Egelhoff, 532 U.S. at 148... *Egelhoff* stands for the proposition that a state law cannot invalidate an ERISA plan beneficiary designation by mandating distribution to another person.... Thus, we conclude that ERISA preempts the Illinois state law doctrine of substantial compliance.

*Johnson*, 297 F.3d at 566. *See also Davis v. Combes*, 294 F.3d 931 (7th Cir.2002) (federal law controlled life insurance policy issued under employer's ERISA plan).

So, ERISA – which requires that benefits be paid in accord with plan documents – preempts *any* state law that contradicts the terms of the plan. *Egelhoff*,

6

532 U.S. at 148. *See also Admin. Committee of Wal-Mart Stores, Inc. Associates' Health and Welfare Plan v. Varco*, 338 F.3d 680, 690 (7th Cir. 2003), *cert. denied*, 542 U.S. 945 (2004). Which means this Court must respect an employee's designation of beneficiaries contained in plan documents under an ERISA-regulated benefit plan.

In *Melton v. Melton*, 324 F.3d 941, 945 (7th Cir. 2003), the Seventh Circuit applied that principle to a fight over the proceeds of a group life insurance policy. In *Melton*, the deceased employee (Richard)'s minor daughter (Alexandria) claimed the benefits via a provision in a state court divorce settlement.

The District Court rejected Alexandria's claim and ruled in favor of Richard's second wife (Peggy) – also an *ex*-wife by the time Richard died but still named as primary beneficiary on his policy. The Seventh Circuit affirmed, finding that ERISA preempted Illinois law on the issue of who was the rightful beneficiary of the policy, and ERISA favored distribution of the benefits to the named beneficiary (Peggy):

> … Alexandria seeks to invoke the Illinois state law doctrine of constructive trusts to prevent the named beneficiary, Peggy, from receiving the proceeds of Richard's ERISA-regulated group term life insurance and to apply Illinois state family law to recognize her as beneficiary of Richard's insurance policy. This presents a factual situation nearly identical to *Egelhoff* and *Johnson*, where the plaintiffs desired to invoke state law doctrines to their advantage in determining their status as beneficiaries under ERISA-regulated employee benefits plans….
>
> Congress has made its preemption intention clear in the language of the statute, the Supreme Court has affirmed that intent, and we have applied the rule in similar cases. [Citations omitted.]

7

> We therefore hold that ERISA preempts Illinois state law with respect to determining the rightful beneficiary of Richard's ERISA-regulated group term life insurance policy. Since Richard's ERISA-regulated employee benefits plan determines beneficiary status according to the person(s) named in the plan documents, we also find that Peggy is the proper beneficiary of the insurance policy.

*Melton,* 324 F.3d at 944-45.

Even where ERISA preempts state law as to determining the beneficiary of an ERISA-regulated benefits plan, though, ERISA does *not* preempt an explicit waiver of that interest by a nonparticipant beneficiary of the plan. *Id.* For this reason, the *Melton* Court still had to resolve Alexandria's contention that the second Mrs. Melton (Peggy) had *waived* her interest in the life insurance benefits when she divorced Richard.

The Court explained, *id.* at 945, *citing Fox Valley & Vicinity Construction Workers Pension Fund v. Brown*, 897 F.2d 275, 282 (7th Cir. 1990)(en banc):

> ERISA is silent on the issue of what constitutes a valid waiver of interest and we therefore turned to federal common law and Illinois state law to fill the gap.... *Id.* at 280. *See also Johnson*, 297 F.3d at 567 (condoning use of state law to inform federal common law on topics about which ERISA is silent). The rule that emerged required proof of a specific termination of the rights in question in order to effectively waive a beneficiary's interest under an ERISA-regulated plan.

So, to constitute a valid waiver by a designated beneficiary of an ERISA-regulated plan, the waiver must be explicit, voluntary, and made in good faith. In evaluating whether a waiver is effective, the court should focus on "whether a reasonable person would have understood that she was waiving her interest in the

proceeds" rather than searching for any "magic language contained in the waiver itself." *Melton*, 324 F.3d at 945-46.

Which leads us to the instant case. Without question, Kenneth's life insurance policy is an ERISA-regulated policy. ERISA preempts any state law (including any Missouri or Illinois statute) which contradicts the terms of the ERISA plan as to determining the proper beneficiary of Kenneth's policy. Pursuant to the plan and Policy in question, Joanne – the designated "primary beneficiary" – is entitled to receive the life insurance benefits,[4] unless she deliberately waived her interest in those benefits.

Brian and Amy argue that is precisely what Joanne did by signing off on the divorce decree with Kenneth (*see* Doc. 34, pp. 4-7). A judgment was entered in the Circuit Court of St. Louis County, Missouri on December 7, 2004, which approved and incorporated a Marital Settlement and Separation Agreement (*see* Doc. 29-4).

To support the contention that Joanne waived her right to Kenneth's life insurance proceeds, Brian and Amy rely on the section of that Agreement which addresses the property division between the spouses – including the sections which provide that the parties "intend by this Agreement to settle fully and finally all of their respective rights and obligations arising out of or related to the marriage, including, but not limited to, all matters of property, debts, support, attorney's fees and costs." Doc. 29-4, p. 7. The Court is not persuaded by this argument.

---

[4] Unlike *Johnson* and cases involving an attempted change of beneficiary, in the case at bar there is no evidence whatsoever that Kenneth ever changed or tried to change the primary beneficiary on his Solutia life insurance policy.

9

Arguably stronger support for Brian and Amy's argument lies in § 3.4(c) of the Agreement which states:

> Wife hereby releases ... to Husband all of her right, title and interest in and to the following: all of Husband's clothing, jewelry, and personal effects; household goods and personal goods currently in his possession; [and] any and all interest in any life insurance policies held in his name....

Agreement, Doc. 29-4, p. 7.

Nowhere, however, does the Agreement specifically identify any *particular* life insurance policy – by name or policy number. Nor does the Agreement contain a description of the policy at issue here, such as (for instance) identifying it as the group life insurance policy issued to Solutia, Inc., or the policy issued by Minnesota Life, or the policy issued to Kenneth's employer or, for that matter, even referring to any life insurance policy issued *through Kenneth's job*. Two Seventh Circuit cases reveal the significance of this fact and are instructive on the question of waiver.

In *Fox Valley*, 897 F.2d at 277, the Seventh Circuit concluded that a property settlement which waived "any interest or claim ... to any retirement, pension, profit-sharing and/or annuity plans resulting from the employment" of the spouse did effectively waive the designated beneficiary's interest in the pension benefits.

But in *Melton,* 324 F.3d at 945-46, the Seventh Circuit reached the *opposite* result after carefully distinguishing the language resulting in waiver in *Fox Valley* from the facts of the case before it, facts more akin to those in *Manning v. Hayes*, 212 F.3d 866, 875 (5th Cir. 2000), *cert. denied*, 532 U.S. 941 (2001).

> In *Fox Valley* we found … a valid waiver of the designated beneficiary's interest in the proceeds of the deceased's ERISA-regulated benefits plan.… But in *Manning*, the Fifth Circuit found no waiver of a designated beneficiary's interest in the deceased's ERISA-regulated benefits where the terms of a divorce decree stated only that "no community property other than personal effects has been accumulated by the parties," that such property was to be "awarded to the party having possession," and that the division of property was to be "made pursuant to the terms" of the parties' prenuptial agreement.

The Seventh Circuit emphasized that the agreement in *Manning* contemplated dividing the parties' property but "made no mention in particular of employee benefits, or insurance proceeds, or the disputed ERISA-regulated insurance policy." *Melton,* 324 F.3d at 946, *citing Manning*, 212 F.3d at 869.

Thus, in *Melton*, where the divorce agreement contained a blanket revocation of the parties' interests in all financial and property rights arising "by reason of their marital relation" and all assets including "annuities [and] life insurance policies," but *did not identify the particular life insurance policy in question*, the Seventh Circuit found no waiver, stressing:

> **Importantly, this waiver does not expressly identify Richard's ERISA-regulated employee group term life insurance; unlike the waiver we found effective in Fox Valley, the waiver here never mentions employment-related benefits at all.** Instead, like the divorce agreement in *Manning*, this agreement is quite specific as to the division of certain assets and property, but noticeably silent as to the distribution of others. Richard and Peggy's divorce agreement specifically assigns several assets between the parties, such as the marital residence … pension plans, personal property, and bank accounts, but nowhere

11

> does it mention or assign Richard's employee benefits, including the disputed group term life insurance policy. Moreover, Richard's ERISA-regulated employee benefits are not property arising "by reason of their marital relation," a term which refers to property rights legally vested through the act of marriage and not assets simply acquired during the marriage. Given these facts, we conclude that **the language of this waiver is not sufficiently explicit to operate as a waiver** of Peggy's interest in Richard's ERISA-governed benefits.

*Melton*, 324 F.3d at 946 (emphasis added). Accordingly, the Seventh Circuit held that the decedent's ex-wife (the designated beneficiary under the group term life policy) had <u>not</u> waived her interest in the policy proceeds by virtue of her divorce agreement.

In the instant case, the broad generic language of the separation Agreement (by which Joanne relinquished her right to life insurance policies) is strikingly similar to the release language the Seventh Circuit found insufficient to constitute a waiver in *Melton*. This conclusion is bolstered by the fact that the Agreement here (like the divorce documents in *Melton* and *Manning*) is quite specific as to the division of *other* assets – like Kenneth's "Fidelity IRA" in the amount of $95,000 and his "Monsanto Pension" in the amount of $13,273. *See* Agreement, Doc. 29-4 at § 3.6(a).

Put simply, the law of this Circuit requires the undersigned District Judge to conclude that the broadly-worded boilerplate release contained in Kenneth and Joanne's divorce Agreement is not explicit enough to constitute a waiver of Joanne's interest in the proceeds of the Kenneth's ERISA-regulated employee group term life insurance. Joanne, the named beneficiary, is entitled to the Policy proceeds.

D.  Conclusion

No genuine issues of material fact remain, and Joanne Stout is entitled to judgment as a matter of law.  For the reasons stated above, the Court **GRANTS** Joanne Stout's motion for summary judgment (Doc. 29), **DENIES** Brian Schutzenhofer and Amy Hamilton's cross-motion for summary judgment (Doc. 32), and **DIRECTS** the Clerk of Court to **ENTER JUDGMENT** in favor of Joanne Stout and against Brian Schutzenhofer and Amy Hamilton.

After 30 days, the undersigned Judge will direct the Clerk of Court, who deposited the Policy proceeds in an interest-bearing account pursuant to prior Order (*see* Doc. 19), to distribute those funds to Defendant Joanne Stout.  The 30-day waiting period is interposed to allow Minnesota Life (if appropriate) to file a motion or "Bill of Costs" seeking to recover – from the policy proceeds – the costs for filing this suit.  Any such pleading must be filed by April 30, 2008.

IT IS SO ORDERED.

DATED this 2nd day of April 2008.

s/ Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge